J-S75030-19

2020 PA Super 78

| | | |
|---|---|---|
| IN RE: ADOPTION OF M.C.F. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: C.F. | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1309 WDA 2019 |

Appeal from the Order Entered June 20, 2019,
in the Court of Common Pleas of Jefferson County,
Orphans' Court at No(s): No. 36A-2018 O.C.

| | | |
|---|---|---|
| IN RE: ADOPTION OF M.N.F. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: C.F. | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1310 WDA 2019 |

Appeal from the Order Entered June 20, 2019,
in the Court of Common Pleas of Jefferson County,
Orphans' Court at No(s): 35A-2018 O.C.

BEFORE: STABILE, J., KUNSELMAN, J., and PELLEGRINI, J.[*]

OPINION BY KUNSELMAN, J.: FILED MARCH 30, 2020

In these consolidated appeals, the orphans' court granted the petitions

L.H.G. (Mother) filed to terminate the parental rights of C.F. (Father) to his

six-year-old daughter and five-year-old son (collectively, the Children)

pursuant to the Adoption Act. See 23 Pa.C.S.A. § 2511(a)(1), (a)(2) and (b).

_____

[*] Retired Senior Judge assigned to the Superior Court.

Father's counsel filed a petition to withdraw and a brief pursuant to Anders v. California, 386 U.S. 738 (1967) and Commonwealth v. Santiago, 978 A.2d 349 (Pa. 2009).  After careful review, we deny counsel's permission to withdraw and remand to allow counsel to submit an advocate's brief.

The facts may be summarized as follows:

Mother and Father wed in 2014 and are now divorced.  They are the parents of two children, M.C.F. and M.N.F.[1]  The orphans' court described the relationship between Mother and Father as tumultuous, detailing incidents of Father's domestic violence. See generally Orphans' Court Opinion, 6/20/19, 1-9.  Mother claimed Father has not been involved in the Children's lives since early February 2017.

Mother and her fiancé, T.B., have been together following Father's absence.  T.B. is trained to work with people who have intellectual disabilities, which has benefitted M.C.F. as he is on the Autism spectrum.  Mother and T.B. reside together with the Children and are engaged to be married.  Mother brought petitions to involuntarily terminate Father's parental rights under 23 Pa.C.S.A. §2511(a)(1), (2), and (b).[2]  In her termination petitions, Mother averred that her fiancé, T.B., intended to adopt the Children.  Father was incarcerated at various points throughout the case, including at the time of

---

[1] While M.N.F. is not Father's biological daughter, he assumed the parental role and listed his name on her birth certificate.

[2] Mother filed her petition to terminate Father's rights to M.C.F. on December 13, 2018.  Mother filed her petition regarding M.N.F. on January 31, 2019.

- 2 -

the termination hearing on May 23, 2019. The orphans' court granted the petitions on June 20, 2019. Father appealed.

Father's counsel filed a petition to withdraw and a brief pursuant to Anders and Santiago. This Court extended the Anders principles to appeals involving the termination of parental rights. In re X.J., 105 A.3d 1, 3 (Pa. Super. 2014) (citation omitted). We reiterate that "[w]hen presented with an Anders brief, this court may not review the merits of the underlying issues without first passing on the request to withdraw." Commonwealth v. Daniels, 999 A.2d 590, 593 (Pa. Super. 2010) (citing Commonwealth v. Goodwin, 928 A.2d 287, 290 (Pa. Super. 2007) (en banc) (citation omitted)).

In order for counsel to withdraw from an appeal pursuant to Anders, certain requirements must be met. Counsel must:

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

Id. (quoting Commonwealth v. Santiago, 978 A.2d 349, 361 (Pa. 2009).

> If counsel does not fulfill the aforesaid technical requirements of Anders, this Court will deny the petition to withdraw and remand the case with appropriate instructions (e.g., directing counsel either to comply with Anders or file an advocate's brief on Appellant's behalf). By contrast, if

counsel's petition and brief satisfy Anders, we will then undertake our own review of the appeal to determine if it is wholly frivolous. If the appeal is frivolous, we will grant the withdrawal petition and affirm the judgment of sentence. However, if there are non-frivolous issues, we will deny the petition and remand for the filing of an advocate's brief.

Commonwealth v. Tukhi, 149 A.3d 881, 886 (Pa. Super. 2016) (quoting Commonwealth v. Wrecks, 931 A.2d 717, 720-721 (Pa. Super. 2007) (citations omitted)).

In addition to verifying that counsel substantially complied with Anders and Santiago, this Court also must "conduct an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel." Commonwealth v. Flowers, 113 A.3d 1246, 1250 (Pa. Super. 2015) (footnote omitted). Flowers does not require us "to act as counsel or otherwise advocate on behalf of a party." Commonwealth v. Dempster, 187 A.3d 266, 272 (Pa. Super. 2018) (en banc). "Rather, it requires us only to conduct a simple review of the record to ascertain if there appear on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." Id.

Preliminarily, we find counsel has substantially complied with the technical requirements to withdraw under our precedents. See Commonwealth v. Reid, 117 A.3d 777, 781 (Pa. Super. 2015) (observing that substantial compliance with the Anders requirements is sufficient). However, in our independent review of the record, we have discovered an arguably meritorious issue overlooked by Father's counsel; namely, whether

Mother demonstrated that valid adoptions were anticipated to render her termination petitions cognizable, given that Mother and T.B. were not married when Mother filed her termination petitions. See 23 Pa.C.S.A. § 2512 ("Petition for involuntary termination"); see also 23 Pa.C.S.A. § 2903 ("Retention of parental status"); and see In re Adoption of M.R.D., 145 A.3d 1117, 1120 (Pa. 2016) ("To effect an adoption, the legislative provisions of the Adoption Act must be strictly complied with.") (citing In re Adoption of R.B.F., 803 A.2d 1195, 1199 (Pa. 2002)).

We determine that on the record before this Court, this issue is not so lacking in merit that counsel should be permitted to withdraw. See Commonwealth v. Blauser, 166 A.3d 428 (Pa. Super. 2017). While ultimately, Father may not be entitled to any relief, we cannot say that the appeal is "wholly frivolous," i.e., without any basis in law or fact. Id. (citation omitted).

Although the Anders principles have been extended to cases involving the termination of parental rights, we have yet to address the remedy when a non-frivolous issue has been discovered. We conclude that the remedy in a termination case should be akin to a criminal case; i.e., we must deny the petition to withdraw and remand for counsel to file an advocate's brief. We grant counsel 30 days from the date of this decision to file an advocate's brief.[3]

_____

[3] If Mother and T.B. married during the pendency of this appeal, Mother should immediately notify Father's counsel of this fact. Father may address the implications of such a marriage in his advocate's brief.

Mother shall have 30 days thereafter to file a supplemental response brief, should she decide one is warranted.  We retain panel jurisdiction.

Petition to withdraw denied.  Case remanded for further filings consistent with this opinion.  Jurisdiction retained.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/30/2020