J-S11014-20 & J-S11046-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: ADOPTION OF L.B., A MINOR | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: A.M. | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1239 WDA 2019 |

Appeal from the Decree Entered July 15, 2019
In the Court of Common Pleas of Butler County Orphans' Court at No(s):
O.A. 24 of 2019

| | | |
|---|---|---|
| IN RE: ADOPTION OF: L.B., A MINOR | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| | : | |
| APPEAL OF: A.M., NATURAL MOTHER | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1544 WDA 2019 |

Appeal from the Order Entered September 12, 2019
In the Court of Common Pleas of Butler County Criminal Division at
No(s): CP-10-DP-0000073-2017

BEFORE: NICHOLS, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY NICHOLS, J.: **FILED MAY 11, 2020**

A.M. (Mother) appeals from the decree granting the petition of the Butler County Children and Youth Agency (the Agency) and involuntarily terminating her parental rights to L.B. (Child), born in December 2012, pursuant to 23

Pa.C.S. § 2511(a)(1), (2), (5), (8), and (b),[1] as well as the order changing Child's permanency goal to adoption.  Mother's counsel, Nicole L. Thurner, Esq. (Counsel), has filed with this Court motions for leave to withdraw as counsel and **Anders**/**Santiago** briefs.[2]  For the reasons that follow, we deny Counsel's motions to withdraw and remand this matter with instructions.

The trial court summarized the factual history of these matters, **see** Trial Ct. Op., 7/15/19, at 1-11, which we do not restate here.  For the purpose of background, we note that Child came to the attention of the Agency on June 13, 2017.  The trial court appointed Counsel for the purposes of the dependency hearing.  On August 23, 2017, following a hearing, the trial court adjudicated Child dependent.  The Agency filed a petition seeking to terminate Mother's parental rights dated March 1, 2019, and motion for a goal change from reunification to adoption dated March 26, 2019.

---

[1] That same day, the trial court also terminated the parental rights of J.M.B., Jr. (Natural Father) and D.W.M., Jr. (Presumptive Father).  Neither the natural or presumptive father of Child has filed an appeal nor participated in the present appeal.

[2] **Anders v. California**, 386 U.S. 738 (1967); **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009); **see also In re J.D.H.**, 171 A.3d 903, 906 (Pa. Super. 2017) (concluding that **Anders** procedures apply in appeals from goal change orders); **In re V.E.**, 611 A.2d 1267, 1275 (Pa. Super. 1992) (extending **Anders** to appeals in involuntary termination matters).

Counsel filed the notice of appeal docketed at 1239 WDA 2019 on August 19, 2019, and the notice of appeal docketed at 1544 WDA 2019 on October 11, 2019.  As the matters are related, we have consolidated them for this decision.

The trial court held a hearing on June 26, 2019. By the decree dated July 11, 2019, and entered on July 15, 2019, the court involuntarily terminated Mother's parental rights to Child pursuant to 23 Pa.C.S. § 2511(a)(1), (2), (5), (8), and (b). Mother timely filed the appeal at 1239 WDA 2019 and statement of concise errors complained of on appeal pursuant to Pa.R.A.P. 1925(a)(2)(i) and (b).[3]

By order dated June 26, 2019, and docketed September 12, 2019, the court changed Child's permanency goal from reunification to adoption. Mother timely filed the appeal at 1544 WDA 2019. However, it does not appear that Counsel filed a Rule 1925 statement for 1544 WDA 2019.[4] Counsel has filed an **Anders** brief and accompanying motion to withdraw in each appeal.

---

[3] In her **Anders**/**Santiago** briefs, Counsel states that she filed Rule 1925(c)(4) statements indicating her intent to withdraw from representation under **Anders**. **See** Pa.R.A.P. 1925(c)(4). However, a review of the record shows that Counsel filed a substantive statement of errors complained of in the appeal at 1239 WDA 2019. For example, in the appeal at 1239 WDA 2019, Mother's Rule 1925 statement set forth the following errors complained of on appeal: (1) the trial court's failure to timely appoint counsel for the termination of parental rights proceeding; (2) the Agency's failure to meet the burden of proof under 23 Pa.C.S. § 2511(a); (3) the Agency's failure to provide adequate services; (4) the trial court's failure to consider the parent-child bond; (5) the failure of the guardian *ad litem* to fully and faithfully investigate; and (6) the failure of the trial court to conduct an adequate analysis under 23 Pa.C.S. § 2511(b).

[4] Counsel initially filed a separate appeal from the goal change on August 14, 2019, which was docketed at 1261 WDA 2019, and apparently submitted the same Rule 1925(b) statement that she filed in 1239 WDA 2019. Counsel subsequently filed a *praecipe* to discontinue the appeal at 1261 WDA 2019 after realizing that the trial court did not enter a formal order memorializing the goal change until September 12, 2019. This Court discontinued the appeal at 1261 WDA 2019 on September 30, 2019.

Counsel's Rule 1925(b) statements and **Anders/Santiago** briefs at 1239 WDA 2019 and 1544 WDA 2019 are substantially similar.

Counsel's **Anders/Santiago** briefs identify and discuss two principal issues, namely, the trial court's decision to terminate Mother's parental rights under Section 2511(a)(2), (5), and (8), and the trial court's order changing the goal from reunification to adoption. **See Anders/Santiago** Briefs, 1239 WDA 2019 & 1544 WDA 2019, at 11-16. Counsel states that she "leaves it to [this] Court to determine whether [the Agency] met the standards justifying the termination of [Mother's] parental rights and the change of goal from reunification to adoption." **Id.**

When faced with an **Anders** brief, this Court may not review the merits of any possible underlying issues without first examining counsel's request to withdraw. **See J.D.H.**, 171 A.3d at 905. As this Court has stated:

> To withdraw pursuant to **Anders**, counsel must:
>
>> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the [**Anders**] brief to the [appellant]; and 3) advise the [appellant] that he or she has the right to retain private counsel or raise additional arguments that the [appellant] deems worthy of the court's attention.
>
> With respect to the third requirement of **Anders**, that counsel inform the appellant of his or her rights in light of counsel's withdrawal, this Court has held that counsel must "attach to their petition to withdraw a copy of the letter sent to their client advising him or her of their rights."

*Id.* at 907 (citations omitted). Additionally, counsel must file a brief that meets the following requirements established by the Pennsylvania Supreme Court in *Santiago*:

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*In re Adoption of M.C.F.*, ___ A.3d ___, ___ 2020 PA Super 78, 2020 WL 1501293, *1 (Pa. Super. filed Mar. 30, 2020) (citation omitted).

"After an appellate court receives an *Anders* brief and is satisfied that counsel has complied with the aforementioned requirements, the Court then must undertake an independent examination of the record to determine whether the appeal is wholly frivolous." *In re S.M.B.*, 856 A.2d 1235, 1237 (Pa. Super. 2004) (citation omitted). Our independent review is not limited to the issues discussed by counsel, but extends to "additional, non-frivolous issues" that may have been overlooked by counsel. *J.D.H.*, 171 A.3d at 908 (citation omitted). An appeal is frivolous when it lacks any basis in law or fact. *See id.* at 906; *accord Santiago*, 978 A.2d at 355.

Here, Counsel has complied with the *Anders* procedures by filing a petition to withdraw and supplying Mother with a copy of the *Anders* brief

and a letter explaining her appellate rights. Moreover, Counsel's brief includes a summary of the relevant factual and procedural history, and Counsel sets forth her conclusion that the appeal is frivolous and no issues could be raised. However, our review reveals defects in Counsel's request to withdraw and her accompanying briefs.

Initially, we note that Counsel's motions to withdraw and letters to Mother include improper language indicating that "in the event" this Court granted Counsel's petition to withdraw, Mother could proceed *pro se* or with privately retained counsel.[5] ***Cf. Commonwealth v. Muzzy***, 141 A.3d 509,

---

[5] In the appeal at 1239 WDA 2019, Counsel stated in her original letter to Appellant dated January 2, 2020: "**In the event that** the Court grants my application to withdraw, you have the right to proceed *pro se* or with the assistance of privately retained counsel." Letter, 1239 WDA 2019, 1/2/20 (emphasis added). Counsel's motion to withdraw dated that same day included similar language. ***See*** Mot. to Withdraw, 1239 WDA 2019, 1/2/20, at ¶ 4 (stating that "counsel simultaneously served the Appellant with a letter indicating the filing of the ***Anders*** Brief and advising [her] of the motion to withdraw as counsel and directing [her] that should the motion be granted, Appellant would have the right to proceed *pro se* or with privately retained counsel").

This Court issued an order on January 7, 2020, indicating that Counsel's letter "failed to sufficiently describe [Appellant's] rights" and striking the motion.

Thereafter, Counsel submitted a new motion to withdraw and letter dated January 21, 2020. In the January 21, 2020 letter, Counsel stated: "**In the event that** the Court grants my application to withdraw, you have the right to proceed pro se or with the assistance of privately retained counsel to raise with the Superior Court any additional points you deem worth, and if you wish to do either, you must act quickly." Letter, 1/21/20, 1239 WDA 2019 (emphasis added). Counsel did not alter the language of her motion to withdraw. This Court entered an order allowing the appeal to proceed but

511-12 (Pa. Super. 2016). Counsel's chosen language, therefore, confuses Mother's rights by implying that Mother must wait until this Court grants Counsel leave to withdraw before proceeding *pro se* or with privately retained counsel. ***See id.***

Although this Court may issue orders for Counsel to clarify Mother's rights in these appeals, our independent review further compels the conclusion that Counsel's ***Anders***/***Santiago*** briefs are also deficient. First, with respect to the appeal from the order terminating Mother's parental rights at 1239 WDA 2019, Counsel has focused her arguments on Section 2511(a) and has not explained why she believes the appeal is frivolous under Section 2511(b). ***See Anders***/***Santiago*** Brief at 12-15 (stating Counsel's reasons for believing that the Agency satisfied Sections 2511(a)(2), (5), and (8)); ***see also In re L.M.***, 923 A.2d 505, 511 (Pa. Super. 2007) (reiterating that the termination of parental rights requires a bifurcated analysis under Section 2511(a) and Section 2511(b)).

Second, Counsel identified several errors complained of in her Rule 1925(b) statement in 1239 WDA 2019, but has not addressed them in her ***Anders***/***Santiago*** briefs. For example, Counsel referred to a possible issue with Child's guardian *ad litem*/legal counsel. ***See*** Rule 1925(b) Statement,

---

advising that the issue could be revisited by the merits panel. Order, 1239 WDA 2019, 1/31/20. In the appeal at 1544 WDA 2019, Counsel's letter dated February 13, 2020, contains the same language as her letter dated January 21, 2020.

1239 WDA 2019, 8/19/19, at 4 (unpaginated).  Counsel advanced a claim of inadequate communication with Child.[6]  ***See id.***  The trial court, in its Rule 1925(a) opinion, rejected the issue by stating that it appointed counsel for Child in the termination matter.  Trial Ct. Op. at 39.  The trial court further stated "there is no legal authority pursuant to 23 Pa.C.S. § 2511 requiring a guardian *ad litem* to investigate and/or file a report with the [trial c]ourt."  ***Id.***

Our Supreme Court, in ***In re Adoption of L.B.M.***, 161 A.3d 172, 183-84 (Pa. 2017) (plurality), held that 23 Pa.C.S. § 2313(a) requires that counsel be appointed to represent the legal interests of any child involved in contested involuntary termination proceedings.  A binding majority of the ***L.B.M.*** Court

---

[6] Specifically, Counsel raised the following issue regarding child's legal counsel:

> The guardian *ad litem* failed to fully and faithfully investigate all relevant witnesses and documents and as such her report to the [trial] court was wholly inadequate and did not provide a solid basis for the [trial] court to render any reasonable decision.  The guardian *ad litem* did not meet with [Mother] nor did she interview any of [Mother's] family to determine whether or not a relationship exists between [Child] and [Mother] and [Mother's] family.  The guardian *ad litem* met with [Child] on one occasion prior to the hearing and did not present any supporting witnesses or documents for the [trial] court to support her findings.  As is such, the guardian *ad litem* failed to fully and faithfully investigate and was unable to provide the [trial] court with any relevant information for the [trial] court to wholly and adequately make its decision and therefore its decision should be reversed.

Rule 1925(b) Statement, 1239 WDA 2019, 8/19/19, at 4 (unpaginated) (some formatting altered).

noted that a child's legal interests "are synonymous with the child's preferred outcome," but the child's best interests are determined by the trial court. *Id.* at 174. The Pennsylvania Supreme Court further held that a guardian *ad litem* appointed in a dependency proceeding may serve as legal counsel in a termination proceeding when there is no conflict between the child's legal and best interests. *See In re T.S.*, 192 A.3d 1080, 1092-93 (Pa. 2018). "[I]f the preferred outcome of a child is incapable of ascertainment because the child is very young and pre-verbal, there can be no conflict between the child's legal interests and his or her best interests . . . ." *Id.* at 1092.

In *In re Adoption of K.M.G.*, 219 A.3d 662 (Pa. Super. 2019) (*en banc*), *appeal granted*, 221 A.3d 649 (Pa. 2019), this Court held that an appellate court cannot "review *sua sponte* whether a conflict existed between counsel's representation and the child's stated preference in an involuntary termination of parental rights proceeding." *K.M.G.*, 219 A.3d at 670. However, the *K.M.G.* Court noted that

> when a party fails to raise the [representation] issue before the orphans' court and raises it for the first time on appeal[,] . . . the Superior Court should review the record to determine if the record is clear and undisputed about whether the child is able to express "a subjective, articulable preference [to be advanced by counsel during the termination proceedings]" and if so, whether the child's preferred outcome differed from the child's best interest.

*Id.* (citation omitted).

Instantly, our preliminary review of the record reveals that at the time of the hearing, Child was six years old and communicative. N.T., 6/26/19, at

99. Child's counsel for the purpose of the termination hearing was Child's guardian *ad litem* in the dependency proceeding. **See id.** at 266. At the termination hearing, Child's counsel argued:

> With respect to [being] the guardian *ad litem*, my position . . . is the plan that is in place I think is appropriate for [Child]. And as counsel, I think it's my position that [Child] is where she needs to be and the proceeding should come to a conclusion, that [Mother's] rights would be . . . involuntarily terminated.

*Id.* (some formatting altered). Our review further reveals no express discussion of Child's legal preference at the hearing.

Third, although Counsel filed the appeal at 1544 WDA 2019 from the separate goal change order, Counsel's **Anders**/**Santiago** brief is substantially similar to the one she filed in 1239 WDA 2019, in that it principally discusses the trial court's order terminating Mother's parental rights. **See Anders**/**Santiago** Brief, 1544 WDA 2019, at 12-15. As in the **Anders**/**Santiago** brief filed in 1239 WDA 2019, Counsel suggests that the goal change "is not at question in this appeal," but proceeds to discuss the issue as follows:

> In the instant matter, the [trial c]ourt determined, after several days of hearings that [Mother's] rights should be terminated. Based on the termination of parental rights, the [trial c]ourt then determined that the goal in the matter should be changed from reunification to adoption.
>
> [Child] was [a]djudicated [d]ependent in August of 2017. Mother has had a family service plan since that time detailing her need to obtain suitable housing, continue with her mental health counseling and address her sobriety. Since that time Mother has found suitable housing and has maintained her sobriety. However, testimony revealed that Mother was not addressing her

mental health. Mother never requested assistance from [the Agency] to obtain her mental health treatment nor did she request additional services. The [trial c]ourt determined that [the Agency] met their burden in the goal change proceeding and ordered that the goal in this case be changed from reunification to adoption.

***Anders*/*Santiago*** Brief, 1544 WDA 2019, at 15-16.

Notably, our preliminary review of the record reveals that Counsel, during the hearing, attempted to establish that the Agency did not exercise reasonable efforts to assist Mother. Moreover, in the appeal from the termination of Mother's parental rights at 1239 WDA 2019, Counsel raised the Agency's efforts as an issue on appeal. ***See*** Rule 1925(b) Statement, 1239 WDA 2019, 8/19/19, at 4 (unpaginated). However, Counsel has not referred to or discussed this issue in her ***Anders*/*Santiago*** brief in the appeal from the goal change.

In light of the foregoing discussion, we cannot conclude that Counsel has satisfied the procedural requirements for seeking leave to withdraw. We emphasize that one of the goals of the ***Anders*/*Santiago*** procedures is for "counsel to prove to this Court that the appellant has been afforded" her right to appellate counsel. ***See Commonwealth v. Woods***, 939 A.2d 896, 899 (Pa. Super. 2007) (footnote omitted); ***see also Santiago***, 978 A.2d at 360 (noting that "requiring counsel to articulate the basis for his or her conclusion of frivolity. . . will assist the intermediate appellate courts in determining whether counsel has conducted a thorough and diligent review of the case to discover appealable issues and whether the appeal is indeed frivolous"). Instantly, we are not yet convinced that Counsel has met this goal.

- 11 -

In sum, we strike Counsel's **Anders**/**Santiago** briefs in these appeals and remand the records in these matters to the trial court for a period not to exceed forty-five days from the date the records are returned to the trial court. Counsel shall file either amended **Anders**/**Santiago** briefs or advocate's briefs within thirty days of the date the records are returned to the trial court. If Counsel elects to file amended **Anders**/**Santiago** briefs, she shall properly advise Mother of her **immediate** right to proceed *pro se* or with new counsel, and comply with all of the requirements for seeking withdrawal.

Motions to withdraw denied. Case remanded with instructions. The Prothonotary of this Court is hereby ordered to return the records to the trial court for a period not to exceed forty-five days. Panel jurisdiction retained.