J-S75030-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| IN RE: ADOPTION OF M.C.F. | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| APPEAL OF: C.F. | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1309 WDA 2019 |

Appeal from the Order Entered June 20, 2019,
in the Court of Common Pleas of Jefferson County,
Orphans' Court at No(s):  No. 36A-2018 O.C.

| | | |
|---|---|---|
| IN RE: ADOPTION OF M.N.F. | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| APPEAL OF: C.F. | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1310 WDA 2019 |

Appeal from the Order Entered June 20, 2019,
in the Court of Common Pleas of Jefferson County,
Orphans' Court at No(s):  35A-2018 O.C.

BEFORE:   STABILE, J., KUNSELMAN, J., and PELLEGRINI, J.*

MEMORANDUM BY KUNSELMAN, J.:                FILED AUGUST 14, 2020

In these consolidated appeals, the orphans' court granted the petitions

Appellee L.H.G. (Mother) filed to terminate the parental rights of Appellant

C.F. (Father) to his six-year-old daughter and five-year-old son (collectively,

_____

* Retired Senior Judge assigned to the Superior Court.

the Children) pursuant to the Adoption Act. See 23 Pa.C.S.A. § 2511(a)(1), (a)(2) and (b). Mother averred in her termination petitions that her fiancé, T.B., intended to adoption the Children.

Procedurally, the matter returns to us following our previous remand. See In re Adoption of M.C.F., --- A.3d ---, 2020 PA Super 78 (Pa. Super. March 30, 2020). Father had originally submitted a petition to withdraw and a brief pursuant to Anders v. California, 386 U.S. 738 (1967) and Commonwealth v. Santiago, 978 A.2d 349 (2009). Faced with an Anders Brief and counsel's application to withdraw, it became our duty to "conduct an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel." See Commonwealth v. Flowers, 113 A.3d 1246, 1250 (Pa. Super. 2015) (footnote omitted). We discovered such an issue, identified it, and remanded to allow Father's counsel to submit an advocate's brief in accordance with Commonwealth v. Tukhi, 149 A.3d 881, 886 (Pa. Super. 2016).

Father complied and submitted an advocate's brief. We also allowed Mother to submit an additional brief. Mother chose not to do so, but her counsel did submit a letter indicating that Mother and T.B. ended their relationship and that T.B. no longer intended to adopt the Children. After review, we vacate the termination orders and remand for further proceedings.

Given our previous remand and our current disposition, we summarize the facts as follows:

Mother and Father wed in 2014 and are now divorced. They are the parents of two children, M.C.F. and M.N.F.[1] The orphans' court described the relationship between Mother and Father as tumultuous, detailing incidents of Father's domestic violence. See generally Orphans' Court Opinion, 6/20/19, 1-9. Mother claimed Father has not been involved in the Children's lives since early February 2017.

Mother and her fiancé, T.B., have been together following Father's absence. T.B. is trained to work with people who have intellectual disabilities, which has benefitted M.C.F. as he is on the Autism spectrum. Mother and T.B. reside together with the Children and are engaged to be married. Mother brought petitions to involuntarily terminate Father's parental rights under 23 Pa.C.S.A. § 2511(a)(1), (2), and (b).[2] In her termination petitions, Mother averred that her fiancé, T.B., intended to adopt the Children. Father was incarcerated at various points throughout the case, including at the time of the termination hearing on May 23, 2019. The orphans' court granted the petitions on June 20, 2019. Father appealed.

In re Adoption of M.C.F., at *1 (footnotes original).

The issue of arguable merit we discovered in the course of our independent review is as follows:

whether Mother demonstrated that valid adoptions were anticipated to render her termination petitions cognizable, given that Mother and T.B. were not married when Mother filed her termination petitions.

Id. at *2.

_____

[1] While M.N.F. is not Father's biological daughter, he assumed the parental role and listed his name on her birth certificate.

[2] Mother filed her petition to terminate Father's rights to M.C.F. on December 13, 2018. Mother filed her petition regarding M.N.F. on January 31, 2019.

We do not reach this issue, however, because we cannot overlook the new facts Mother's counsel provided to this Court, indicating that Mother and T.B. are no longer in a relationship and that T.B. no longer wishes to adopt the Children. To determine the appropriate disposition in light of this revelation, we are guided by our Supreme Court's decision in In re Adoption of L.J.B., 18 A.3d 1098, (Pa. 2011). In L.J.B., a father petitioned for the termination of a mother's rights to make way for the stepmother's adoption of his child, pursuant to 23 Pa.C.S.A. §§ 2511 and 2512. The trial court granted the father's termination petition. While the mother's appeal was pending before this Court, the trial court supplemented the record to reflect correspondence from the child's guardian ad litem (GAL) and from the stepmother. The GAL indicated that the stepmother and the father were divorcing and that the stepmother no longer wished to adopt the child. The stepmother wrote the court to say that the father no longer permitted the stepmother to visit the child, and that while the stepmother regarded the child as her own, the stepmother averred, "at this time I feel it would be best to drop the adoption." See L.J.B., 18 A.3d at 1106. This Court did not consider this supplemental information, and we affirmed the termination in an unpublished memorandum. Our Supreme Court granted allowance of appeal and reversed.

The High Court observed that a petition to terminate a natural parent's rights involuntarily, when filed by one parent against the other, is only cognizable when it is accompanied by a prospective stepparent's intention to

adopt the child. L.J.B., 18 A.3d at 1107. See also 23 Pa.C.S.A. § 2512(b). The Court observed further that "[s]uch a rule is sound because termination of the natural parent's rights prior to adoption and allowance of stepparent adoption is for purposes of protecting the integrity and stability of the new family unit." Id. at 1108 (citation and quotation marks omitted). The Court concluded that "where a prospective stepparent, due to separation or pending divorce with the other natural parent, will no longer complete the family unit, the termination of a natural parent's rights due to abandonment must be vacated." Id. Thus, the Supreme Court vacated the termination orders and remanded the matter "for an immediate hearing and final determination regarding [the stepmother's] intention to adopt [the child], and if it is determined that she will not be so proceeding, the court of common pleas shall dismiss this matter as moot pursuant to 23 Pa.C.S.A. § 2512." L.J.B., 18 A.3d at 1113.

In the case at bar, we initially remanded so the parties could address whether Mother's termination petitions were cognizable. Mother averred that her fiancé – as opposed to her spouse – intended to adoption the Children, in apparent contravention of 23 Pa.C.S.A. § 2903; moreover, Mother did not aver that she had good cause, under 23 Pa.C.S.A. § 2901, to proceed with the terminations notwithstanding her inability to comply with legal requirements of the Adoption Act.[3]  In light of the letter submitted by Mother's counsel, we

_____

[3] Section 2903 states, verbatim: "Whenever a parent consents to the adoption of his child by his spouse, the parent-child relationship between

do not reach this issue. Instead, we must vacate the termination orders and remand for an evidentiary hearing. On remand, the orphans' court shall determine the actual status of the relationship between Mother and T.B. and whether T.B. still intends to adopt. As in L.J.B., supra, if it is determined that either Mother and T.B. are no longer in a relationship, or that T.B. no longer intends to adopt, the orphans' court shall dismiss this matter as moot pursuant to 23 Pa.C.S.A. § 2512.

Orders vacated. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/14/2020

---

him and his child shall remain whether or not he is one of the petitioners in the adoption proceeding." 23 Pa.C.S.A. § 2903.

Section 2901 states, verbatim: "Unless the court for cause shown determines otherwise, no decree of adoption shall be entered unless the natural parent or parents' rights have been terminated, the investigation required by section 2535 (relating to investigation) has been completed, the report of the intermediary has been filed pursuant to section 2533 (relating to report of intermediary) and all other legal requirements have been met. If all legal requirements have been met, the court may enter a decree of adoption at any time." 23 Pa.C.S.A. § 2901.