J-S35031-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: X.S., A MINOR | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: A.U., MOTHER | : : : : : : | |
| | : | No. 555 EDA 2020 |

Appeal from the Order Entered January 29, 2020
In the Court of Common Pleas of Philadelphia County Juvenile Division at
No(s):  CP-51-DP-0000346-2018

BEFORE:   BOWES, J., STABILE, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                              **FILED JUNE 16, 2021**

A.U. (Mother) appeals from the order of the Court of Common Pleas of Philadelphia County Juvenile Division (trial court) entered on January 29, 2020, holding that her child, X.S. (Child), born in 2017, was not "dependent" under the Juvenile Act,[1] as Child's father, A.S. (Father), was available to assume custody.  With this appeal, Mother's counsel filed a petition to withdraw and an **Anders**[2] brief, stating that the appeal is wholly frivolous. We previously denied counsel's petition to withdraw without prejudice and ordered her to send a new letter to Mother informing Mother of her rights.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 6301-6375.

[2] **Anders v. California**, 386 U.S. 738 (1967).

Counsel complied with that order and has filed a new **Anders** brief and petition to withdraw.  After careful review, we grant counsel's petition to withdraw and affirm.

In February 2018, the City of Philadelphia Department of Human Services (DHS) filed a dependency petition with respect to Child after receiving a report that Mother was arrested driving a stolen U-Haul truck and that Child, who was seven months old at the time, was with her in the U-Haul truck, not in a car seat and restrained only by a seatbelt.  Trial Court Opinion, 5/1/20, at 1-2.  DHS sought and obtained an Order of Protective Custody for Child. **Id.** at 2.  Following a shelter care hearing, the trial court lifted the Order of Protective Custody, ordered that DHS retain temporary legal and physical custody of Child, and permitted Child to be moved to Father's home prior to the next court date if Father was found to be an appropriate caregiver.  **Id.**; Trial Court Order, 2/20/18.  On March 14, 2018, DHS received a report that Mother, who had obtained Child from Father two days earlier, attempted to give Child to anyone who would take her.  Trial Court Opinion, 5/1/20, at 2-3.  On April 18, 2018, following an adjudicatory hearing, the trial court found clear and convincing evidence that Child was without proper care or control and adjudicated Child was dependent and fully committed Child to DHS.  **Id.** at 3; Trial Court Adjudication Order, 4/18/18.  On March 13, 2019, the trial court found that Mother was receiving and in compliance with mental health treatment and that Child was no longer dependent, and ordered that DHS's

supervision and legal and physical custody of Child terminate. Trial Court Opinion, 5/1/20, at 3; Trial Court Order, 3/13/19.

On January 21, 2020, DHS again sought and obtained an Order of Protective Custody for Child, alleging that it had concerns that Mother had untreated mental health issues and exhibited paranoid behaviors. 1/21/20 Application for Protective Custody Order; Trial Court Order, 1/21/20. Following a shelter care hearing, the trial court on January 23, 2020, lifted the Order of Protective Custody, ordered that DHS retain temporary legal custody of Child, and ordered that Child remain with her paternal grandmother, with whom she had been placed by DHS, pending an adjudicatory hearing. Trial Court Opinion, 5/1/20, at 4-5; Trial Court Order, 1/23/20. DHS on January 27, 2020 filed a dependency petition.

An adjudicatory hearing on DHS's dependency petition was held on January 29, 2020 at which DHS, Child's guardian ad litem, and Mother and Father, both represented by counsel, were present. At the hearing, the DHS case worker testified that she had visited Father's home and evaluated his ability to care for Child and that she concluded that Father could safely and adequately care for Child and that it was in Child's best interest for Father to have custody of Child. N.T., 1/29/20, at 9-13. The DHS caseworker also testified that Child had not received proper medical, dental and vision care while Child was with Mother and that based on interactions with Mother, she believed that Mother had untreated mental health issues that affected her

ability to care for Child. *Id.* at 12-13. Mother testified that she opposed Father having custody and made accusations that Father engaged in verbally abusive behavior and used drugs, but did not dispute DHS's testimony that she was not obtaining medical, dental and vision care for Child. *Id.* at 14-19, 24. Counsel for Mother represented that Mother had gone for a mental health evaluation the day before the adjudicatory hearing, but did not have the results of the evaluation and no records concerning the evaluation were provided to the trial court. *Id.* at 17-19. Father testified that he was ready willing and able to care for Child and that Mother had sent him text messages that made him concerned for Child's safety. *Id.* at 21-23. Father also testified that he would cooperate with court-ordered supervised visitation for Mother. *Id.* at 22-24, 28-29.

Following the hearing, the trial court found that Father was ready, willing and able to care for Child and that Mother posed a safety risk to Child because she had significant mental health issues and failed to meet Child's medical, dental, and vision needs. N.T., 1/29/20, at 25-27; Trial Court Opinion, 5/1/20, at 7. The trial court accordingly entered an Adjudication Order on January 29, 2020 holding that "Child is not Dependent pursuant to the Pennsylvania Juvenile Act and that the petition for dependency is dismissed" and transferring legal and physical custody of Child to Father. Trial Court Amended Adjudication Order, 1/29/20, at 1. The Adjudication Order further provided that Mother was to have a mental health and psychiatric evaluation

done, that Mother was to have weekly supervised visits with Child, and that this visitation could be modified once Mother demonstrated she had been complying with mental health treatment for six months. *Id.* at 2. On February 12, 2020, Mother filed this timely appeal.

On June 2, 2020, Mother's counsel filed an *Anders* brief and petition to withdraw that failed to advise Mother that, in addition to her right to retain new counsel or to proceed *pro se*, she has the right to raise any additional points that she deems worthy of this Court's attention. Accordingly, this Court denied counsel's petition to withdraw without prejudice and ordered counsel to send Mother a new letter advising her of that right. Counsel complied with that order and again filed an *Anders* brief and petition to withdraw.

In her *Anders* brief, counsel presents the following issues:

1. Whether the trial court erred and/or abused its discretion by entering an order on January 29, 2020, finding that the child [w]as not dependent and transferring custody to Father?

2. Whether the trial court erred and/or abused its discretion by ordering Mother to engage in a mental health and psychiatric evaluation and treatment?

*Anders* Brief at 3.[3] Mother has not filed any response to counsel's petition to withdraw or *Anders* brief.

_____

[3] The pages of counsel's *Anders* brief are unnumbered. The page numbers to which this Memorandum cites are the numbers that would appear if the pages were numbered beginning with the page containing the Statement of Jurisdiction.

Before this Court can consider the merits of this appeal, we must first determine whether counsel has satisfied all of the requirements that court-appointed counsel must meet before leave to withdraw may be granted. *In re Adoption of B.G.S.*, 240 A.3d 658, 661 (Pa. Super. 2020); *In re Adoption of M.C.F.*, 230 A.3d 1217, 1219 (Pa. Super. 2020); *In re J.D.H.*, 171 A.3d 903, 905-06 (Pa. Super. 2017).

To withdraw from representing a party that is entitled to counsel on the basis that the appeal is frivolous, counsel must (1) petition the court for leave to withdraw stating that she has made a conscientious examination of the record and has determined that the appeal would be frivolous; (2) file a sufficient *Anders* brief; and (3) provide a copy of the *Anders* brief to the client and advise the client of her right to retain new counsel or proceed *pro se* and to raise any additional points that she deems worthy of the court's attention. *B.G.S.*, 240 A.3d at 661; *J.D.H.*, 171 A.3d at 907; *In re X.J.*, 105 A.3d 1, 3-4 (Pa. Super. 2014). An *Anders* brief must comply with all of the following requirements:

> [T]he *Anders* brief … must (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009); *see also B.G.S.*, 240 A.3d at 661; *J.D.H.*, 171 A.3d at 907. If counsel has satisfied

the above requirements, it is then this Court's duty to conduct its own review of the record and render an independent judgment as to whether the appeal is wholly frivolous. *B.G.S.*, 240 A.3d at 662; *M.C.F.*, 230 A.3d at 1219; *X.J.*, 105 A.3d at 4.

Counsel has filed a petition to withdraw and states in her *Anders* brief that she has made a conscientious examination of the record and determined that there are no non-frivolous grounds for the appeal. *Anders* Brief at 8. Counsel provided copies of the *Anders* brief and petition to withdraw to Mother and, following this Court's prior decision in this case, has sent a letter to Mother advising her of her right to retain new counsel or proceed *pro se* on appeal and to raise any points she deems worthy of the court's attention. Counsel's *Anders* brief provides a procedural and factual summary of the case with references to the record and cites and discusses the applicable law on which counsel bases her conclusion that there are no non-frivolous issues that she can raise on Mother's behalf. Counsel has thus filed a sufficient *Anders* brief and has adequately complied with the procedural requirements for withdrawal as counsel in this appeal.

We therefore proceed to conduct an independent review to ascertain whether the appeal is indeed wholly frivolous. This Court first considers the issues raised by counsel in the *Anders* brief and determines whether they are in fact frivolous. *B.G.S.*, 240 A.3d at 662; *J.D.H.*, 171 A.3d at 908. In addition, if the Court finds those issues frivolous, this Court conducts an

examination of the record to discern if there are any other issues of arguable merit overlooked by counsel. **B.G.S.**, 240 A.3d at 662; **M.C.F.**, 230 A.3d at 1219; **In re J.D.H.**, 171 A.3d at 908.

In a dependency proceeding, this Court must accept the findings of fact and credibility determinations of the trial court if they are supported by the record. **In re L.Z.**, 111 A.3d 1164, 1174 (Pa. 2015); **In the Interest of J.B.**, 247 A.3d 447, 448 (Pa. Super. 2021); **In the Interest of A.C.**, 237 A.3d 553, 557 (Pa. Super. 2020). Under the provisions of the Juvenile Act, the trial court is given broad discretion in meeting the goal of entering a disposition that is best suited to the protection and the physical, mental, and moral welfare of the child. **A.C.**, 237 A.3d at 565. We review the trial court's order here for abuse of discretion. **L.Z.**, 111 A.3d at 1174; **A.C.**, 237 A.3d at 557.

Mother's first issue challenges both the trial court's determination that Child is not a dependent child and its transfer of custody to Father. We conclude that the trial court did not abuse its discretion in either of these determinations. The law is clear that a dependency petition must be denied where the court determines, after an adjudicatory evidentiary hearing, that the child's non-custodial parent is ready, willing, and able to give the child proper parental care. **In re M.L.**, 757 A.2d 849, 849-51 (Pa. 2000); **J.B.**, 247 A.3d at 454; **In the Interest of Justin S.**, 543 A.2d 1192, 1199-1200 (Pa. Super. 1988). Here, the trial court found that Father was ready, willing, and able to provide proper parental care for Child, following an adjudicatory

hearing at which it heard testimony from the DHS caseworker and Father concerning Father's immediate ability and willingness to provide parental care and a safe, stable environment for Child. Trial Court Opinion, 5/1/20, at 6-7; N.T., 1/29/20, at 9-13, 21-24. While Mother made accusations that Father used illegal drugs and acted abusively toward her, the evidence at the hearing showed that Father tested negative for drugs and the trial court found Mother's accusations not credible. N.T., 1/29/20, at 10; DHS Ex. 1; Trial Court Opinion, 5/1/20, at 6-7.

The law is also clear that the dependency court may transfer custody of the child to the non-custodial parent without a determination of dependency where it finds after an evidentiary hearing that the child's non-custodial parent is ready, willing, and able to give the child proper parental care and that the custodial parent is unable to provide proper parental care. *M.L.*, 757 A.2d at 851 & n.3; *J.B.*, 247 A.3d at 453-54; *Justin S.*, 543 A.2d at 1198-1201. Here, the evidentiary hearing that the trial court held before transferring custody to Father addressed both Mother's and Father's ability to care for Child. N.T., 1/29/20, at 9-24. Based on the evidence at the hearing, including evidence that Mother had mental health issues that interfered with her ability to care for Child and was not obtaining medical, dental, and vision care for Child, the trial court found not only that Father would provide proper care for Child, but that Mother posed a safety risk to Child. Trial Court Opinion, 5/1/20, at 6-7; N.T., 1/29/20, at 9-13, 21-23.

Mother's second issue likewise merits no relief. A court that is hearing a matter involving legal or physical custody of a child has authority to order a party seeking custody or visitation to submit to a mental health evaluation. Pa.R.C.P. 1915.1(a), 1915.8(a); **Gates v. Gates**, 967 A.2d 1024, 1032 (Pa. Super. 2009). "A dependency hearing is a form of custody proceeding". **M.L.**, 757 A.2d at 851 n.3.

The trial court's order required Mother to have a psychiatric evaluation and comply with mental health treatment consistently for six months only as a condition of expanding her visitation with Child beyond supervised visits. N.T., 1/29/20, at 26; Trial Court Opinion, 5/1/20, at 7. The trial court found that absent mental health diagnosis and treatment, unsupervised contact between Mother and Child posed a safety risk to Child, and that finding was supported by evidence at the hearing, including the DHS case worker's testimony that Mother's mental health issues affected her ability to provide proper care for Child, Mother's unsupported accusations against Father, and Father's testimony concerning texts that Mother sent him. Trial Court Opinion, 5/1/20, at 7; N.T., 1/29/20, at 13-16, 22-23. While Mother contended that she had undergone a mental health evaluation the day before the hearing, no evidence was presented of the results of the evaluation or recommendations from the evaluation. N.T., 1/29/20, at 18-19. The trial court therefore did not abuse its discretion in conditioning unsupervised visitation on Mother obtaining a mental health evaluation and treatment.

Accordingly, we conclude from our independent review that neither of Mother's issues entitles her to relief. In addition, our review of the record does not reveal any non-frivolous issues overlooked by counsel. We therefore grant counsel's petition to withdraw and affirm the trial court's order.

Petition to withdraw granted. Order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 6/16/2021*