J-A29045-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE MATTER OF THE ADOPTION OF: Z.J.C.-.Z. | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: D.M.L., MOTHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 823 WDA 2022 |

Appeal from the Decree Entered June 20, 2022,
in the Court of Common Pleas of Erie County,
Orphans' Court at No(s):  22 in Adoption 2022.

BEFORE:  BENDER, P.J.E., OLSON, J., and KUNSELMAN, J.

MEMORANDUM BY KUNSELMAN, J.:                    **FILED: MARCH 8, 2023**

In this matter, D.M.L. (Mother) appeals the decree terminating her parental rights to her six-year-old daughter Z.J.C.-Z., pursuant to the Adoption Act. **See** 23 Pa.C.S.A. § 2511(a)(1), (2), (5), (8), and (b). Additionally, Mother's counsel has filed an application to withdraw and a brief, pursuant to **Anders v. California**, 386 U.S. 738 (1967).  After review, we affirm, and grant counsel leave to withdraw.[1]

In its opinion filed pursuant to Pa.R.A.P. 1925(a), the orphans' court set forth the relevant factual and procedural history:

> Child was adjudicated dependent on April 9, 2021 after a hearing conducted on April 6, 2021.  Mother was not present.  Father was present and represented by counsel. Mother has a history of unstable housing, [homelessness], drug use and poor employment history.  She left the Child

---

[1] The trial court also terminated the rights of I. C.-Z. (Father).

in care of her maternal uncle for lengthy periods of time and did not provide necessary care items. She was on probation and had not had recent contract with her probation officer. Critically, Mother had not attended to the Child's medical and dental needs. Child had extensive tooth decay that caused her pain, a vaginal rash and complained of pain upon urination. Once in placement, Child was treated for urinary tract infection(s).

In additional to being on probation, Mother had pending criminal charges. Notably, she pleaded guilty to one charge of 26 Pa.C.S.A. s. 780-113(a)(30) on January 10, 2022 and was sentenced to 18-36 months incarceration with 2 years consecutive probation. She is currently confined to SCI Cambridge Springs, PA.

From the beginning of this case, Mother was required to take necessary steps to effectuate reunification with Child. She was to: (1) participate in random urinalysis screens; (2) obtain and maintain safe and stable housing; (3) participate in drug and alcohol assessment and follow recommendations; (4) participate in a mental health assessment and follow recommendations; (5) participate in an approved parenting program and demonstrate an understanding of Child's medical, dental, educational, physical and emotional needs; (6) attend Child's medical and dental appointments and follow all recommendations, as well as participate in any therapy services recommended for Child; and (7) follow requirements of her probation.

[The termination trial] was conducted on June 16, 2022, (Father did not appear). Mother, represented by counsel, participated by "zoom" call from her penal institution. Various exhibits were proffered by counsel for the Erie County Office of Children and Youth ("OCY") and admitted by the court.

Ms. Haley Schaef, an OCY caseworker, testified that she received the case on April 7, 2021. As noted above, concerns were Mother's homelessness, substance abuse, Child's tooth decay and urological ailments. Furthermore, Child was living with maternal relatives "for weeks on end" without any form of consent or authorizations for the relatives to obtain medical or dental care for Child. Child was also exhibiting behavioral problems. After a shelter

- 2 -

care hearing, Child went into kinship care. At that time Mother was on probation and had not been in contact with her probation officer.

[Following the Child's dependency adjudication in March 2021,] the goal was reunification and a plan with recommended services was implement[ed]. At the time, OCY had difficulty assessing Mother's situation due to her unavailability. Furthermore, although the Child was 6 years old, she had not started school. OCY initiated dental and medical care for the Child.

On April 16, 2021, OCY became aware that Mother was incarcerated. She had been arrested after police found a half pound of cocaine in her possession. (She was released from jail).

FN 4: Mother remained at liberty until January 10, 2022 when she was sentenced on the drug charge.

During this period, Child was exhibiting behavioral difficulties and was hospitalized for mental health treatment. Her kinship caretakers at that time were unable to care for her so she was placed with a maternal second cousin, [S.L.] (now adoptive resource).

Ms. Schaef testified concerning Child's progress. Since her placement, her behavior has greatly improved and she continues in therapy. [S.L.] can see the Child's needs are met. Child is excited about being adopted and has the stability she has never had. Ms. Schaef noted that Child has been "grasping" for a "consistent, stable home" and she has found it in [S.L.'s] home. Responses to this Court's additional inquiry confirmed the suitability of Child's current placement.

Mother's compliance with the treatment plan was "minimal at best." Her drug dependency continued to be an issue. A review of her urinalysis disclosed 21 negatives and 122 no-show positives. She was positive 7 times for both methamphetamines and THC (marijuana). She admitted that she continued to use drugs while she was in counseling and did not comply with urinalysis testing requirements.

As to visitation, Mother's last visit with the Child was June 28, 2021. She did, however, attend some medical visits for

Child and there was some correspondence. At time of [the termination hearing], she had not visited Child in a year.

Mother testified at trial. In addition to expressing her desire to reunify with Child, she discussed her residential plans upon parole and attendance at prison counseling programs. However, these efforts are post-petition or hoped-for arrangements.

Trial Court Opinion, 8/3/22, (T.C.O.) at 1-3 (citations to the record and some footnotes omitted).

The orphans' court granted the petition of the Agency and terminated Mother's rights under 23 Pa.C.S.A. § 2511(a)(1), (2), (5), (8) and (b). Mother appealed. Before we address her appeal, we note that Mother's counsel has filed a petition to withdraw and a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967) and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).[2] To withdraw pursuant to **Anders**, counsel must:

1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the [**Anders**] brief to the [appellant]; and 3) advise the [appellant] that he or she has the right to retain private counsel or raise additional arguments that the [appellant] deems worthy of the court's attention.

With respect to the third requirement of **Anders**, that counsel inform the appellant of his or her rights in light of counsel's withdrawal, this Court has held that counsel must "attach to their petition to withdraw a copy of the letter sent to their client advising him or her of their rights."

---

[2] This Court extended the **Anders** principles to appeals involving the termination of parental rights. **In re X.J.**, 105 A.3d 1, 3 (Pa. Super. 2014) (citation omitted).

- 4 -

*In re J.D.H.*, 171 A.3d at 903, 907 (Pa. Super. 2017) (citations omitted).

Additionally, counsel must file a brief that meets the following requirements established by the Pennsylvania Supreme Court in *Santiago*:

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*In re Adoption of M.C.F.*, 230 A.3d 1217, 1219 (Pa. Super. 2020) (citation omitted).

Preliminarily, we find that Counsel has substantially complied with the technical requirements to withdraw. *See Commonwealth v. Reid*, 117 A.3d 777, 781 (Pa. Super. 2015) (observing that substantial compliance with the *Anders* requirements is sufficient).

In addition to verifying that Counsel substantially complied with *Anders* and *Santiago*, this Court also must "conduct an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel." *Commonwealth v. Flowers*, 113 A.3d 1246, 1250 (Pa. Super. 2015) (footnote omitted). *Flowers* does not require us "to act as counsel or otherwise advocate on behalf of a party." *Commonwealth v. Dempster*, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*). "Rather, it requires us only to

conduct a simple review of the record to ascertain if there appear on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." *Id.* Traditionally, we would start our review by giving "a most generous reading and review of 'the case' as presented in the entire record with consideration first of issues raised by counsel." *See id.* (citing *Anders*, 386 U.S. at 744).

Before we conduct our independent review, however, we first address the issues counsel presented in the *Anders* brief that arguably support Mother's appeal. *See M.C.F.*, 230 A.3d at 1219. The two issues presented are as follows:

1. Whether the orphans' court committed an error of law and/or abused its discretion when it concluded that termination of parental rights was supported by clear and convincing evidence pursuant to 23 Pa.C.S.A. § 2511(a)(1), (2), (5), and (8)?

2. Whether the orphans' court committed an error of law and/or abused its discretion when it concluded that termination of parental rights was supported by clear and convincing evidence pursuant to 23 Pa.C.S.A. § 2511(b)?

*Anders* Brief at 3 (cleaned up).

We review these issues mindful of our well-settled standard of review.

> The standard of review in termination of parental rights cases requires appellate courts to accept the findings of fact and credibility determinations of the trial court if they are supported by the record. If the factual findings are supported, appellate courts review to determine if the trial court made an error of law or abused its discretion. A decision may be reversed for an abuse of discretion only upon demonstration of manifest unreasonableness, partiality, prejudice, bias, or ill-will. The trial court's decision, however, should not be reversed merely because

- 6 -

the record would support a different result. We have previously emphasized our deference to trial courts that often have first-hand observations of the parties spanning multiple hearings.

*In re T.S.M.*, 71 A.3d 251, 267 (Pa. 2013) (citations and quotation marks omitted).

Termination of parental rights is governed by Section 2511 of the Adoption Act, which requires a bifurcated analysis.

> Initially, the focus is on the conduct of the parent. The party seeking termination must prove by clear and convincing evidence that the parent's conduct satisfies the statutory grounds for termination delineated in section 2511(a). Only if the court determines that the parent's conduct warrants termination of his or her parental rights does the court engage in the second part of the analysis pursuant to section 2511(b): determination of the needs and welfare of the child[.]

*In re C.M.K.*, 203 A.3d 258, 261-262 (Pa. Super. 2019) (citation omitted).

Here, the orphans' court terminated Mother's parental rights pursuant to Section 2511(a)(1), (2), (5), (8), and (b). We need only agree with the orphans' court as to any one subsection of Section 2511(a), as well as Section 2511(b), in order to affirm. *In re B.L.W.*, 843 A.2d 380, 384 (Pa. Super. 2004) (*en banc*). Moreover, we may uphold a termination decision if any proper basis exists for the result reached. *In re C.S.*, 761 A.2d 1197, 1201(Pa. Super. 2000) (*en banc*).

Mother's first issue of arguable merit involves the initial prong of the termination analysis under Section 2511(a). As we need only agree with the orphans' court as to one subsection of Section 2511(a), we analyze whether

the Agency properly established grounds for termination under Section 2511(a)(2). That section provides in relevant part:

> **(a) General rule**.--The rights of a parent in regard to a child may be terminated after a petition filed on any of the following grounds:
>
> ***
>
> (2) The repeated and continued incapacity, abuse, neglect or refusal of the parent has caused the child to be without essential parental care, control or subsistence necessary for his physical or mental well-being and the conditions and causes of the incapacity, abuse, neglect or refusal cannot or will not be remedied by the parent.

23 Pa.C.S.A. § 2511(a)(2).

To satisfy the requirements of Section 2511(a)(2), the moving party must prove "(1) repeated and continued incapacity, abuse, neglect or refusal; (2) that such incapacity, abuse, neglect or refusal caused the child to be without essential parental care, control or subsistence; and (3) that the causes of the incapacity, abuse, neglect or refusal cannot or will not be remedied." *In re C.M.K.*, 203 A.3d 258, 262 (Pa. Super. 2019) (citation omitted). Parents are required to make diligent efforts toward the reasonably prompt assumption of full parental duties. *In re Z.P.*, 994 A.2d 1108, 1117 (Pa. Super. 2010).

In determining that the Agency met its burden under Section 2511(a)(2), the orphans' court stated:

> The evidence of record demonstrated that by a clear and convincing nature that Mother was either incapable, refused – or both – to comply with the [reunification] plan. First,

she failed to comply with urinalysis requirements and continued to use substances illegally. Second, she did not demonstrate that she could provide Child with safe and stable housing. Third, she failed to obtain and maintain gainful employment or demonstrate her ability to provide financial support for the Child. Fourth, she did not adequately participate in drug and alcohol services. Fifth, she did not adequately take advantage of family reunification services. Sixth, she did not show that she could attend the Child's medical, dental, or mental health needs. Seventh, her visitation record was spotty. Eighth, it is relevant that her incarceration will impair her ability to parent.

T.C.O. at 6.

Upon our review, the orphans' court properly determined that the Agency established grounds under Section 2511(a)(2) by clear and convincing evidence. The abuse caused the Child to go without parental care. The Agency provided services to no avail. Mother cannot or will not remedy the conditions which caused the Child to be removed from her care. Mother's first issue is without merit.

In her second issue of arguable merit, Mother argues the trial court abused its discretion when it found that termination best served the Child's needs and welfare. Section 2511(b) provides:

(b) Other considerations.--The court in terminating the rights of a parent shall give primary consideration to the developmental, physical and emotional needs and welfare of the child. The rights of a parent shall not be terminated solely on the basis of environmental factors such as inadequate housing, furnishings, income, clothing and medical care if found to be beyond the control of the parent. With respect to any petition filed pursuant to subsection (a)(1), (6) or (8), the court shall not consider any efforts by the parent to remedy the conditions described therein which

are first initiated subsequent to the giving of notice of the filing of the petition.

23 Pa.C.S.A. § 2511(b).

This Court has explained that:

> [S]ection 2511(b) focuses on whether termination of parental rights would best serve the developmental, physical, and emotional needs and welfare of the child. In *In re C.M.S.*, 884 A.2d 1284, 1287 (Pa. Super. 2005), this Court stated, "Intangibles such as love, comfort, security, and stability are involved in the inquiry into the needs and welfare of the child." In addition, we instructed that the trial court must also discern the nature and status of the parent-child bond, with utmost attention to the effect on the child of permanently severing that bond. *Id*. However, in cases where there is no evidence of a bond between a parent and child, it is reasonable to infer that no bond exists. *In re K.Z.S.*, 946 A.2d 753, 762-63 (Pa. Super. 2008). Accordingly, the extent of the bond-effect analysis necessarily depends on the circumstances of the particular case. *Id.* at 763.

*In re Adoption of J.M.*, 991 A.2d 321, 324 (Pa. Super. 2010).

Concerning the bond, the question is not merely whether a bond exists, but whether termination would destroy this existing, necessary and beneficial relationship. *See C.M.K.*, 203 A.2d at 264 (citation omitted); *see also K.Z.S.*, 946 A.2d at 764 (holding there was no bond worth preserving where the child had been in foster care for most of the child's life, which caused the resulting bond to be too attenuated). Moreover, the court is not required to use expert testimony to resolve the bond analysis. *In re Z.P.*, 994 A.2d 1108, 1121 (citing *In re K.K.R.-S.*, 958 A.2d 529, 533 (Pa. Super. 2008)).

"Common sense dictates that courts considering termination must also consider whether the children are in a pre-adoptive home and whether they have a bond with their foster parents." *T.S.M.*, 71 A.3d at 268. Finally, we emphasize that "[w]hile a parent's emotional bond with her and/or her child is a major aspect of the Section 2511(b) best-interest analysis, it is nonetheless only one of many factors to be considered by the court when determining what is in the best interest of the child." *In re N.A.M.*, 33 A.3d 95, 103 (Pa. Super. 2011) (citation omitted).

Here, the orphans' court noted that there may be a bond between Mother and the Child, it is not a strong one worth preserving. *See* T.C.O. at 6.

> Furthermore, considering the fundamental needs of Child and her welfare, it is clear that Mother has not consistently met those needs as evidenced by the fact that she often left Child in the care of others and failed to address Child's health and dental conditions. […] Child wants to remain with [S.L.] where her needs are being met. Therefore, Child's interests are best served by terminating Mother's parental rights [pursuant to] 23 Pa.C.S.A. § 2511(b).

*Id.* at 6.

Upon review, discern no error or abuse of discretion regarding the court's findings under Section 2511(b). Thus, we agree with counsel that this issue also lacks merit.

Finally, we must conduct our independent review to discern whether there are any additional, non-frivolous issues overlooked by counsel, pursuant to *Flowers*, 113 A.2d at 1250. In doing so we briefly address Mother's

- 11 -

incarceration. Our Supreme Court has held that "incarceration, while not a litmus test for termination, can be determinative of the question of whether a parent is incapable of providing 'essential parental care, control or subsistence' and the length of the remaining confinement can be considered as highly relevant to whether 'the conditions and causes of the incapacity, abuse, neglect or refusal cannot or will not be remedied by the parent,' sufficient to provide grounds for termination pursuant to 23 Pa.C.S.A. § 2511(a)(2)." *In re Adoption of S.P.*, 47 A.3d 817, 830 (Pa. 2012).

In this case, the earliest Mother could be released is July 2023. The orphans' court found Mother's incarceration to be relevant, but it was clear from its findings that the court did not terminate Mother's rights solely because of Mother's conviction. Indeed, Mother had demonstrated her noncompliance with the reunification plan prior to her incarceration. We conclude that the orphans' court properly understood the legal effects of Mother's incarceration in this termination matter. Upon a "generous" review of the record, we discover no other issues of arguable merit. *See Dempster*, 187 A.3d at 272.

In sum, after review, we agree with counsel's assessment that Mother's issues on appeal are frivolous and that the Agency presented clear and convincing evidence to support the termination of Mother's parental rights pursuant to 23 Pa.C.S.A. §§ 2511(a)(2) and (b). We therefore grant counsel's petition to withdraw and affirm the orphans' court order terminating Mother's parental rights.

Petition to withdraw granted. Order affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/8/2023